STEPHENS *et al. v.* STEPHENS.

(In Banc. June 8, 1942. Suggestion of Error Overruled July 7, 1942.)

[8 So. (2d) 462. No. 35016.]

Frank E. Everett, of Indianola, for appellant.

100

**Neill, Clark & Townsend,** of Indianola, for appellees.

**Griffith, J.,** delivered the opinion of the court.

W. S. Stephens had been a customer of the Peoples Bank of Indianola for some time prior to February 11, 1941, but during several months next before that date his account with the bank had been inactive, there being therein to his credit a balance of only four cents. On the date mentioned Stephens and his wife, Ethel Lee, borrowed from the bank, on their joint note, the sum of $150 and stated that they desired to make further deposits,

but in doing so they wanted it so arranged that if one should die, the remainder of the deposits would go to the survivor. Thereupon the bank suggested and presented to them a printed joint account agreement, which both of them signed and delivered to the bank, and the bank accepted it, to be made a part of and as dominating the W. S. Stephens' deposit account—which the bank continued to carry, however, upon its ledger sheets under the name "W. S. Stephens."

The document so signed, delivered and accepted is in the following words:

"Joint Account—Payable to Either or Survivor.

"We agree and declare that all funds now, or hereafter, deposited in this account are, and shall be, our joint property and owned by us as joint tenants with right of survivorship, and not as tenants in common; and upon the death of either of us any balance in said account shall become the absolute property of the survivor. The entire account or any part thereof may be withdrawn by, or upon the order of, either of us or the survivor. It is especially agreed that withdrawals of funds by the survivor shall be binding upon us and upon our heirs, next of kin, legatees, assigns and personal representatives.

"(Signed)  W. S. Stephens,
"Ethel Lee Stephens."

On October 22, 1941, W. S. Stephens died testate, and his executors demanded of the bank the balance remaining in said account, and Ethel Lee having made a like demand, the bank filed its bill of interpleader, and there followed a decree in favor of the wife.

Numerous cases have dealt with this subject. The rule deducible from what seems to us to be the weight of the authorities is that when there is a clear intention to create a right which embraces the essential elements of joint ownership and survivorship in respect to a particular bank deposit or account, the intention, when lawfully evidenced, will be given effect and the survivor held en-

titled to the fund. A case closely in point with the present case is Illinois Tr. & Sav. Bank v. Van Vlack, 310 Ill. 185, 141 N. E. 546.

This is precisely what the joint account agreement in this case created, and in terms so plain and so free from ambiguity that the contract or agreement, including its intention, is to be found solely in the plain and ample language therein used. And if gift be an element in the situation, there was an effectual consummation of the gift by way of the delivery of the written instrument to the bank as the performance agent of the donee, as well as of the donor. And therein is a sufficient distinction between the present case and Godwin v. Godwin, 141 Miss. 633, 107 So. 13, relied on by appellant.

Affirmed.