STEWART, ADM'X *v.* BARKSDALE, GDN., et al.

Mar. 2, 1953

No. 38639 22 Adv. S. 42 63 So. 2d 108

*Richard A. Billups, Jr.,* for appellant.

*Tighe & Barksdale,* for appellee.

ARRINGTON, J.

Mrs. Annie Lemons Stewart, widow of O. L. Stewart, deceased, and administratrix of his estate, filed a petition in the Chancery Court of Hinds County, Mississippi, asking that the First Federal Savings and Loan Association be required to turn over to her as administratrix the sum of $28,719.08, held by them in a joint account in the name of O. L. Stewart or Shirley Ann Stewart. Henry E. Barksdale was appointed as guardian ad litem of Shirley Ann Stewart, a minor, and resisted this petition. The lower court denied petitioner the relief prayed for and held that the money in said account was the sole property of Shirley Ann Stewart, and from this decree, the petitioner has appealed.

It appears from the record herein that on August 9, 1951, O. L. Stewart deposited certain funds in the First Federal Savings and Loan Association to the joint account of O. L. Stewart and Shirley Ann Stewart, and he and Shirley Ann executed a joint account agreement with full right of survivorship, which instrument was as follows:

"Date August 9, 1951

"No. 14595

"Name Mr. O. L. Stewart or Shirley Ann Stewart

"We hereby apply for membership in the First Federal Savings and Loan Association of Jackson, subject to the laws of the United States, rules and regulations

of Federal Home Loan Bank Board and the Charter and By-laws of the Association as they now are or as they may hereafter be amended.

"We further agree and declare that all funds now, or hereafter, paid unto this share account, or full paid certificate, are, and shall be, our joint property and owned by us as joint tenants, with full right of survivorship and not as tenants in common; and upon the death of either of us, any balance in said share account or full paid certificate shall become the absolute property of the survivor. The entire account or any part thereof may be withdrawn or re-purchased by, or upon the order of, either of us or the survivor. It is especially agreed that withdrawals or repurchase of funds or shares by the survivor shall be binding upon us, and upon our heirs, next of kin, legatees, assigns, and personal representatives. We acknowledge receipt of pass book or certificate evidencing this account."

It is argued by appellant that Sec. 5205, Supp., Miss. Code 1942, does not include share accounts in a building and loan association and that joint account agreements with full right of survivorship should not be permitted to change the laws of descent and distribution; and under the facts in this case, no right of possession or title was established in the survivor. The instrument set out above created a joint tenancy with right of survivorship in clear and unambiguous terms and was sufficient to vest title in appellee. This court upheld a similar agreement in Stephens, et al. v. Stephens, 193 Miss. 98, 8 So. 2d 462, also in Duling v. Duling's Estate, 211 Miss. 465, 52 So. 2d 39.

Section 5205, Supp., Miss. Code 1942, protects banking institutions in paying out funds in a joint account and it is not necessary to decide whether said statute applies to building and loan associations. The funds on deposit with the First Federal Savings and Loan Association have not been paid out and this question is not before us.

The above statute in no way limits the right to create a joint tenancy, with right of survivorship in personal property. ██ Nor does a joint tenancy agreement change the laws of descent and distribution. During the lifetime of O. L. Stewart, he had the right to dispose of his property as he saw fit, or as the Court expressed it in Hiserodt v. Hamlett, 74 Miss. 37, 20 So. 143, "One may do what he will, within legal limits, with his own." In Stephens, et al. v. Stephens, supra, the Court said: "And if gift be an element in the situation, there was an effectual consummation of the gift by way of the delivery of the written instrument to the bank as the performance agent of the donee, as well as of the donor."

Affirmed.

*McGehee, C. J.,* and *Hall, Holmes and Lotterhos, JJ.,* concur.