In re WARE'S ESTATE.
WARE, et al. *v.* WARE.

Nov. 16, 1953

No. 38940 . 43 Adv. S. 40 67 So. 2d 704

*Russell & Little,* Magee; *George B. Grubbs,* Mendenhall, for appellants.

*James B. Sykes,* Mendenhall, for appellee.

LOTTERHOS, J.

This appeal is taken by some of the heirs of J. J. Ware, Sr., from a decree overruling objections filed to the final account in his estate. The objections set up that the executrix should be charged with (1) the balance at date of death in three bank accounts, and (2) certain rentals paid to the executrix. The chancery court held that the money involved in these objections belonged to the widow of the deceased individually, and that she as executrix was not required to' account therefor.

J. J. Ware, Sr., died on September 7, 1950. He left a will, a certain provision of which will be referred to later in this opinion. At the date of his death there were three bank accounts in the name of himself and his wife, which

were not included in the final account and which the chancellor held were the property of his widow, the appellee, individually, as the survivor. The facts with regard to these three bank accounts are as follows:

(1) There was $4,540.63 on deposit in Deposit Guaranty Bank and Trust Company, at Jackson, in a savings account in the name of "J. J. Ware, Sr., or Mrs. J. J. Ware." This account was opened on June 15, 1935, both Mr. Ware and his wife being present in the bank at that time. The signature card and the passbook were introduced in evidence. It was shown that it was a joint account, with right of survivorship.

(2) There was a savings account in State Guaranty Bank, at Magee, in the amount of $3,137.71.

(3) There was also a checking account in the same bank in the amount of $1,824.63. There was testimony that these last two accounts were joint accounts with survivorship, in the name of Mr. Ware and his wife, or Mr. Ware or his wife. The signature card for one of the accounts was produced, and it showed the account as "J. J. Ware, Sr., and Rosena M. Ware," but it provided that any balance should be payable to "either or the survivor of said persons."

 It seems clear that the evidence supports the chancellor in his holding that these bank accounts were joint accounts with survivorship and that the estate had no interest therein. See Stephens v. Stephens, 193 Miss. 98, 8 So. 2d 462; In re Lewis' Estate, 194 Miss. 480, 13 So. 2d 20; and Stewart v. Barksdale, 216 Miss. 760, 63 So. 2d 108.

With respect to the rents which it is claimed were a part of the estate, the testimony showed that the executrix collected rental on farm land of the decedent in the fall of 1950 after the death of J. J. Ware, Sr., in the amount of $219.96 from J. J. Ware, Jr., and in the amount of $272.88 from J. C. Fairchild, which rentals were retained by the widow individually. In his decree the chan-

cellor stated that under the terms of the will as construed by the court, these items constituted no part of the estate. We cannot say that he was in error in this decision. It is noted that, under Item IV of the will, the widow was given "all of my personal property, other than money * * *." In Shackleford v. Dobbs, 216 Miss. 75, 61 So. 2d 669, in construing a will, we approved the following statement in an annotation (93 A. L. R. 515) on the meaning of the word "money" as used in a will: ▮▮ "The general rule is that a simple bequest, in the absence of anything in the context to show that the word 'money' is used out of its ordinary or popular signification, will not include personal estate in general, but will be confined to money strictly so-called." ▮ "Applying this rule here, it appears that the rental collected by appellee after the death of her husband belonged to her under the will, as personal property other than money. At the date of death, the rental, in each instance, was a mere chose in action, a claim for something to be paid at a later date under the rental contract.

▮ Perhaps the rental so received should properly have been shown in the final account, but since no creditors' rights are involved, and the sums collected would pass to the widow under the will, it was not error to approve the final account as filed.

Affirmed.

*Roberds, P. J.*, and *Hall, Kyle*, and *Holmes, JJ.*, concur.