DOLLAR, et al. *v.* BOARD OF EDUCATION, SIMPSON COUNTY

No. 39904 April 2, 1956 86 So. 2d 489

*Ben Stevens,* Hattiesburg; *L. Barrett Jones,* Jackson; *T. M. Bishop,* Magee; *A. K. Edwards,* Mendenhall, for appellants.

*James B. Sykes,* Mendenhall, for appellee.

LEE, J.

This is an appeal by D. Dollar and others from a decree of the Chancery Court of Simpson County which sustained a demurrer to their petition to review a decree of that court of date of July 22, 1954.

This litigation had its inception as follows: Dollar and others, residents, patrons, taxpayers and qualified electors of Old Hickory Consolidated School District in Simpson County, filed their bill of complaint against Elmer Hopkins and others constituting the county school board of the county, and Mack E. Everett, Superintendent of Education. They alleged that the board of supervisors had refused to bring the suit, and they invited

all others, in like circumstances, to join them. The prayer of the bill was that the orders of the county school board of date of August 29 and September 3, 1953, which added the territory of Old Hickory Consolidated School District to the Magee Consolidated School District, should be vacated and held for naught. There were eleven exhibits to the bill.

Exhibit "A" was a copy of the order of the county school board of date of January 16, 1925, which amended an order of such board of date of July 7, 1924, consolidating Old Hickory, Dry Creek and Pine Grove rural schools into one school.

Exhibit "B" was a copy of a petition to the county school board, filed August 4, 1953, which recited that the signers constituted two-thirds of the qualified electors residing in the Old Hickory Consolidated School District, described the territory in detail, and prayed for its abolition.

Exhibit "C" was a copy of notice of a special meeting of the county school board on August 29, 1953, giving the place of the meeting, for the purpose of considering the petition for abolition of Old Hickory Consolidated School District and entering such orders thereon as might be necessary; and to consider petitions, filed in accordance with Section 6274 (b), Code of 1942, requesting that certain territory, fully described therein, be added to Magee Consolidated School District, and to enter such orders thereon as might be proper.

Exhibit "D" was a copy of a petition to the county school board, filed August 11, 1953, which recited that the signers constituted a majority of the qualified electors, residing in the described territory, and praying for its addition to the Magee Consolidated School District.

Exhibit "E" was a copy of a petition to the county school board, filed August 11, 1953, to add the territory therein described to the Magee Consolidated School District. The petition recited that the signers consti-

tuted a majority of the qualified electors of the Magee Consolidated School District.

Exhibit "F" was a copy of a petition to the county school board, filed August 29, 1953, to abolish Old Hickory Consolidated School District. It recited that the signers constituted two-thirds of the qualified electors residing in the district, and described the territory.

Exhibit "G" was a copy of a petition to the county school board, filed August 24, 1953, by qualified electors of Old Hickory Consolidated School District against the abolition of the district. It did not reflect the number of signers, nor did it describe the territory.

Exhibit "H" was a copy of a petition by qualified electors residing in Old Hickory Consolidated School District to the county school board, filed August 29, 1953, asking the board to strike their names from the petition of date of August 4, 1953, to abolish the district, and informing the board that they had signed the counter petition against the abolition. It did not recite what percent of the qualified electors that they constituted, nor does the number of such signers appear.

Exhibit "I" was a copy of an order of the school board, dated August 29, 1953. It recited that the board met pursuant to the notice, as shown in Exhibit "C", supra, and also recited the publication thereof in three issues of the Simpson County News. In addition, it recited the reception and consideration of the petitions for and against abolition of Old Hickory Consolidated School District and for the addition of the territory to Magee Consolidated School District. The order further stated, "and it appearing to the board that further time is needed by the board to determine whether or not the necessary majority of the qualified electors residing in the Old Hickory Consolidated District have signed said petition, and until said matter can be determined, no action can be taken on the petition to add territory to Magee Consolidated School District, and it further appearing that all schools are scheduled to open in said

county on August 31, 1953 and * * * the board finding that no teachers were elected by the trustees of said district prior to June 15, 1953, * * *. That Mack E. Everett * * * is hereby directed to select teachers for the Old Hickory Consolidated School District and arrange for the opening * * * August 31, 1953, and in the event that such teachers are not available * * * to have the school children residing in said district transferred to Magee Consolidated School District, and to pay the tuition * * *. It is further ordered, on motion of John Myers and seconded by Dudley Garrett, that this board now recess until Thursday, Sept. 3rd, 1953, and at which time the question of the abolition of Old Hickory Consolidated District will be considered, and said board will also consider the petitions filed for the adding of territory to Magee Consolidated School District, said board to reconvene at 9:00 o'clock A. M."

Exhibit "J" was a copy of the order of the county school board of date of September 3, 1953, which recited the previous special meeting of the board, after due notice, for the purposes stated, and its recess; that upon consideration of the matters, it appeared that a two-thirds majority of the qualified electors of the Old Hickory Consolidated School District signed the petition for abolition of the district, but that the board declined to abolish the district on that petition; that no school was being then taught in the district; that the board, independent of the petition for abolition, found that a majority of the qualified electors of the district petitioned for the addition of its territory to the Magee Consolidated School District; that the board found, independent of the petition, and of its own motion that Old Hickory Consolidated School District should be abolished. It therefore abolished the district. It also recited that a majority of the qualified electors of the Magee Consolidated School District petitioned for the addition of the territory to that district, and the territory, described in detail, was so added. It was further ordered

that a certified copy of the order of the board should be published in the Simpson County News, a newspaper having a general circulation in the county, once a week for three consecutive weeks; and unless twenty percent of the qualified electors of the Old Hickory Consolidated School District should file a petition within thirty days after the date of publication of the notice the board's order would become final; but if such petition against the abolition was filed, then an election would be held thereon.

Exhibit "K" was a certified copy of Exhibit "J" together with proof of publication of the notice, as required by the order of the board.

The territory, as described in Exhibits "B", "D", "E", "F" and "J" appeared to be the same.

To the bill of complaint, the defendants filed a demurrer, assigning that there was no equity on the face of the bill.

On July 22, 1954, the chancellor, at the conclusion of the hearing, sustained the demurrer; and the complainants having declined to plead further, a decree of final dismissal was entered. In the decree, the court gave as the reason for his conclusion that House Bill No. 3, being Chapter 12, Laws of 1953 Ex. Ses., approved December 28, 1953, applied, and that the questions had become moot.

If the complainants were aggrieved at the decree and thought it was wrong, they had ninety days within which to take an appeal to this Court. Section 753, Code of 1942 Anno. However, no appeal was prosecuted, and the decree therefore became final.

On November 30, 1954, these same parties filed their petition for a review, attaching thereto copy of the initial proceedings, including the bill and the exhibits heretofore mentioned. It was averred in effect that Old Hickory Consolidated School District was in existence on July 22, 1954; that the decree of that date was erroneous in holding that House Bill No. 3, supra, applied

and that the matters had become moot; that said House Bill No. 3 did not abolish the district, but provided a plan for the abolition of all school districts and their reconstitution, and at no time since December 28, 1953, had this school or the county schools been reconstituted. The bill prayed for the issuance of a stay to prevent the trustees of the Magee Consolidated School District from disposing of property of Old Hickory Consolidated School District, and that the former decree of the court of July 22, 1954, be reviewed, reversed and set aside. The court ordered a stay of the sale until final hearing.

The defendants, being the same defendants in the original proceeding, interposed their demurrer to the bill of review on the ground that it showed no equity on its face.

The learned chancellor held that the bill sought to review the construction of law, the interpretation of a statute; that such was not an error apparent on the face of the record; and dismissed the bill.

The appellants contend here that the demurrer admitted the truthfulness of all allegations of the bill and that error is therefore apparent on the face of the decree. However it must be remembered that the exhibits are as much a part of the bill as its allegations, and that they must control over mere conclusions of the pleader.

House Bill No. 3, supra, was enacted in the Extraordinary Session of 1953. The action of the county school board antedated this statute. However, when the original proceeding was actually heard by the court, July 22, 1954, the law was in effect.

At the time of the abolition of Old Hickory Consolidated School District and the addition of its territory to Magee Consolidated School District, Section 6274, Code of 1942, provided in part as follows: "The county school board shall have full jurisdiction at any regular meeting, or at a special meeting called for that purpose * * * to consolidate two or more districts or parts of

districts or one district and one or more parts of districts into a consolidated school district or otherwise create, alter, or abolish any consolidated district; * * *.''

Under paragraph (a) thereof, if the alteration or abolition thereof was done without a petition, then the board was required to publish its order in a newspaper published in the county and having a general circulation therein once a week for three consecutive weeks, with notice that unless a petition was filed against its action within thirty days after the publication of its first notice, the order would become final. If twenty percent of the qualified electors of the school district filed such petition, then it was necessary to have an election in which the majority of those voting in the election would determine whether the order would be final or void.

It appears that the county school board, in this instance, endeavored to follow this statute. Its order of abolition and addition was published as required, and the record does not disclose that a petition in opposition thereto was filed, or that any subsequent proceedings were had. In this connection compare Grenada County School Board v. Provine, (Miss.) 80 So. 2d 798.

■■■ It thus appears that, even if House Bill No. 3, supra, did not apply, yet, since the exhibits to the original bill showed a substantial compliance with Section 6274, supra, the original demurrer was properly sustained. Having been properly sustained, there is obviously no error apparent on the face of the record to be corrected by a bill of review. ■■■ If the chancellor was wrong in holding that House Bill No. 3 applied and that the questions were moot, which we do not decide, the proper way to right such wrong was by appeal, and not by bill of review, after the time for appeal had expired. ■■■ At all events, the court reached the right result. Even if the reason for the decision was wrong in such instance, this fact would not warrant a reversal. Daniels v. Bush, 211 Miss. 1, 50 So. 2d 563.

Bill of review for error apparent is treated under Section 635, Griffith's Mississippi Chancery Practice, 2d Ed. The author points out that appeals are now so easily taken that this remedy is not often used in this State. See also George E. Arndt and Mrs. Marie Arndt Alexander v. Charles J. Kuhn, et al, No. 40,102, this day decided, and the authorities therein cited.

From which it follows that the decree of the trial court should be affirmed.

Affirmed.

*Roberds, P.J.*, and *Hall, Holmes* and *Ethridge, JJ.*, concur.