ARNDT, et al. *v.* KUHN, et al.

No. 40102          April 2, 1956          86 So. 2d 323

*Watts & Colmer,* Pascagoula; *Owen T. Palmer, Jr.,* Gulfport, for appellants.

*O. L. McLeod,* Pascagoula, for appellees.

Roberds, P. J.

The chancellor dismissed appellants' bill of review for error apparent on the record. Appellants say the bill should have been sustained. It is necessary to an understanding of the involved issues to detail, to some extent, the proceedings which have been had in this matter.

In September 1954, appellants, as complainants, filed an original bill in Cause No. 12,743 in Jackson County, Mississippi. They later filed two amended bills. The bill, with the amendments, charged that complainants, in December 1949, procured a judgment for $5,000 against defendant Doody in the Circuit Court of Jackson County, which was duly enrolled December 2, 1949; that on Feb-

ruary 5, 1949, Charles J. Kuhn and Mrs. Odette v. Kuhn, two of the defendants, conveyed by deed to Doody a tract of land in Jackson County known as Del Castle; that Doody on the same day executed a deed of trust on the land to O. K. Wiesenburg, as trustee for the use and benefit of the grantors in the Doody deed, to secure the payment of the sum of $40,000, payable in five annual installments, the first note of $8,000 being due and payable on or before February 5, 1950, all deferred payments bearing 5% interest from date, and which total amount was the balance owing on the purchase price of the said Del Castle lands which had been conveyed by the Kuhns to Doody. The bill charged that Doody went into possession of the Del Castle tract upon receiving his deed; that on December 17, 1949, Doody reconveyed the land to the Kuhns, who had conveyed to him, and that the consideration for such reconveyance was in fact, and also according to recital in the deed, a satisfaction and cancellation of the trust deed Doody had executed to the Kuhns to secure payment of the balance of the purchase price of the land; that the enrolled judgment in favor of appellants became a lien against the land subject to the trust deed from Doody to the Kuhns and became a first lien immediately upon Doody's reconveying to the Kuhns. The bill further charged that Wiesenburg, the original trustee, had resigned as such and that defendant, O. L. McLeod, had been appointed substituted trustee therein, and that the substituted trustee had advertised the property for sale October 4, 1954.

The bill prayed that (1) the judgment against Doody be adjudicated and fixed as a lien upon the Del Castle lands; (2) that temporary injunction issue restraining McLeod from selling the land as trustee; (3) that this injunction be made final; (4) that Del Castle be sold to satisfy the Doody judgment; and (5) for general relief. Injunction issued restraining sale under the deed of trust until further orders of the court.

Defendants demurred to the bill, as amended, asserting (1) that the bill stated no cause of action; and (2) that there was no equity on the face of the bill. Defendants also made motion that the injunction temporarily enjoining the sale be dissolved, and that defendants be awarded solicitor fees and damages for the wrongful suing out of the injunction.

A hearing was had upon the motion to dissolve. Considerable testimony was taken upon the issues of fact then presented by the pleadings to the chancellor. On November 7, 1954, the chancellor found that a fair value of the Del Castle property was $37,500 as balanced against $40,000, the balance of the principal of the debt secured by the Doody trust deed. He dissolved the temporary injunction and awarded attorneys' fees and damages in the sum of $1,875.

On November 27, 1954, a motion was made to vacate the foregoing decree on the grounds that the original bill and the first amended bill, both of which had been filed prior to this date, showed that the trust deed given by Doody to the Kuhns had been extinguished.

On November 29, 1954, complainants filed the second amended bill. This bill reiterated the grounds for relief set out in the original and first amended bills, but it added as a party-defendant A. J. Dennary, asserting that on March 28, 1950, the Kuhns executed a trust deed on Del Castle to Dennary, and said that Dennary knew, or was charged with notice of the fact, that the Doody judgment was a lien upon Del Castle.

On December 1, 1954, defendants made a motion to strike the motion of appellants to strike, which had been filed November 17, 1954. This motion, which was in effect an answer to the bill, with its amendments, admitted the conveyance by the Kuhns to Doody, the execution of the trust deed by Doody to the Kuhns, and the reconveyance by Doody to the Kuhns. It denied that the consideration for the Doody-to-Kuhn deed was agreement

by the Kuhns to satisfy and cancel the Doody debt, and asserted that the Kuhns had the right to have the trust deed Doody had given them foreclosed. Movants further denied that the judgment appellants had against Doody constituted a lien upon Del Castle, and denied that Arndt and Mrs. Alexander, complainants and appellants, had any lien upon, or rightful claim to, Del Castle.

By decree dated December 27, 1954, the chancellor, after extensive hearings and arguments, denied the motion of appellants to vacate the decree of November 17, 1954, and sustained the motion of defendants to strike the motion of complainants, and sustained the demurrer of defendants to the original and amended bills.

On December 27, 1954, the chancellor, by final decree, affirmed the order just mentioned. He found that the second amended bill had been filed without leave of court, but also adjudged that it stated no cause of action. The decree found that complainants refused to plead further and the decree dismissed the original and the two amended bills; affirmed the decree refusing to enjoin the sale of the property and in rendering judgment for attorneys fees and damages in the sum of $1,875. From that final decree the appeal to this Court was taken by the complainants in the court below.

The appeal was filed in this Court April 12, 1955. It is numbered 39,880. On May 23, 1955, on motion of appellees, the appeal was dismissed because not legally taken. On May 30, 1955, appellants made a motion to reinstate the appeal here, which motion was overruled June 13, 1955, and mandate issued from this Court July 18, 1955.

On July 14, 1955, appellants filed in the chancery court the present bill of review for error apparent on the record. Defendants demurred to the petition to file the present bill on the grounds (1) that the bill states no cause of action, or legal grounds as to why it should

be entertained; (2) that the former cause had been appealed to and passed upon by this Court; and (3) that the petition to file the bill in review undertook to bring in new parties who were not parties to the original proceeding. The chancellor sustained the demurrer, and complainants appealed from that decree to this Court. The number of that case is 40,102.

██ ██ The issues put forth in the bill of review are the same as those involved in the original proceedings. That, in effect, is admitted by appellants. After enumerating the issues involved in the original proceedings, and the conclusions of the chancellor thereon, appellants, in their brief say, ''Appellants respectfully argue that such conclusions by the special chancellor are wrong.'' In other words, appellants simply say that the chancellor was mistaken as to his legal judgment on the questions presented to him in the original case, and in their bill of review they ask us to hold that his legal judgment was wrong and to reverse that judgment. It is not asserted in the bill of review that there was any fraud, newly discovered evidence or mistake in the original proceedings other than a mere wrongful legal conclusion by the chancellor on the issues presented to him. A bill of review does not lie to obtain reconsideration of matters previously considered and decided. The error must be more than merely the result of mistaken judgment. 30 C. J. S. 1073, Section 644 (1); Wooten, et al. v. Pollock, et al., 200 Atl. 748 (N. J.); Regner v. Hoover, 149 N. E. 16 (Ill.); In re Bailey's Estate. 140 Atl. 145 (Penn.); Commonwealth, to Use of Carmen, v. Toebe, et al., 173 Atl. 169 (Penn.). In the Wooten case the Court approved this rule: ''The general rule is that such a bill does not lie to correct a mere error, which would, in effect, render it nothing more than a substitute for an appeal.'' The Court further observed: ''* * * the petitioners herein are not entitled to a review of the order of May 26th, because the reason alleged as a

ground for review is an error on the part of the court as to the true intent and meaning of prior decisions of the courts of this State, from which erroneous order an appeal should have been taken." In the Regner v. Hoover case the reporter deduced the rule in these words: "* * * error to be reviewed by a bill of review must be more than the result of a mistaken judgment." Again: "A bill of review cannot be made to function as an appeal or writ of error." In the In re Bailey's Estate the Court announced: "A bill of review will not be considered where the issues were raised, contested, and decided, nor will it operate as an exception or an appeal. The statutory period for appeal cannot be enlarged by a bill of review to correct an error of law which might have been the subject of appeal from the decree of the original account." In Commonwealth, to Use of Carmen, v. Toebe, et al., the Court quoted from In re Bailey's Estate, supra; "A bill of review will not be considered where the issues were (previously) raised, contested and decided, nor will it (the bill) operate as an exception or an appeal."

The controlling question involved in the original proceeding was whether or not the trust deed from Doody was satisfied when Doody reconveyed Del Castle to the Kuhns, so that the Arndt-Alexander judgment against Doody became a lien upon Del Castle free of such trust deed and subject to seizure and sale under said judgment. The learned chancellor decided that the trust deed, and the debt it secured, had not been satisfied by the deed from Doody to the Kuhns, and that the court should not enjoin foreclosure under the trust deed. If he were wrong in that conclusion it was nothing more than a mistake in judgment. That is the controling question involved in the bill of review for error apparent now being considered. The effect of the bill of review is simply to ask that this question be reconsidered and decided again, the contention being made that the chan-

cellor was in error, as a matter of legal judgment, in his holding on that question. It is readily seen that if bills of review for error apparent were sustainable under these conditions, cases would never come to an end. In addition, when the final decree was rendered by the chancellor in the original case, he had heard considerable testimony which had a bearing upon the intention of Doody and the Kuhns as to whether the Doody debt was, or was not, extinguished, and the trust deed was, or was not, thereby satisfied. The evidence cannot be considered on this bill for review for error apparent. Griffith's Miss. Chancery Practice, 2d Ed., p. 695, Section 635; Snead v. Lee, 117 So. 469 (Ala.); 30 C. J. S. 1068, Section 642 (2); 19 Am. Jur. 296, Section 430.

██ █ Bills of review are not favored. In Griffith's Miss. Chancery Practice, 2d Ed., p. 696, Section 635, it is said: "Because of the fact that decrees under our practice are usually in general terms containing no specific statements of the findings of fact, and because also of the facility with which appeals may now be taken, bills of review for error apparent are not often used in this state * * *".

The chancellor was correct in dismissing the petition for bill of review for error apparent.

Affirmed.

*Hall, Lee, Holmes* and *Ethridge, JJ.,* concur.