## Beckett *v.* Howorth.

No. 41247          October 19, 1959          115 So. 2d 48

M. M. *Roberts,* Hattiesburg, for appellant.

*White & White,* Gulfport, for appellees.

HOLMES, J.

The appellant filed a bill of review in the Chancery Court of Harrison County on April 11, 1958, seeking to have the Court review and correct in certain particulars a decree of said court theretofore rendered on December 18, 1957, in the matter of the estate of R. Capel Beckett, deceased. The change in the decree rendered on December 18, 1957 was sought upon the grounds that there was error apparent on the face of the proceedings. The appellees were named as defendants to the bill. The decree complained of was rendered on the hearing of the first and final account as amended, filed by Mrs. Beatrice Angela Beckett as executrix of the estate of the deceased. The appellees filed a general demurrer to the bill, which was sustained, and the appellant declining to plead further, the bill of review was dismissed and the appellant appeals.

R. Capel Beckett, a resident of Harrison County, died on January 15, 1954. He left a last will and testament which was duly admitted to probate on March 22, 1954. He named as joint executors and joint trustees under the will his wife, Beatrice Angela Beckett, and the First National Bank of Chicago. The will provided that in the event of the death, resignation, or refusal to act of either of the named executor and trustee, the other was empowered to act as the sole executor and trustee. The First National Bank of Chicago refused to act and filed in the cause its renunication of its appointment, and Mrs. Beatrice Angela Beckett qualified as the sole executrix and trustee. In the due administration of the estate, ap-

praisers were appointed and in the performance of their duties, they set aside to the widow $4800 as one year's support.

The will created a trust for the benefit of the widow, to be known as the Beatrice Angela Beckett Trust, and devised and bequeathed to the trustee for the benefit of the widow property equivalent to one-half the value of the decedent's gross estate as determined for Federal Estate Tax purposes, less the amount allowed as a marital deduction in his estate, and provided other benefits for the widow.

The will also created a residuary trust for the benefit of named beneficiaries, the details of which are not material on the issues here presented.

■■ It is contended by the appellant that there is error apparent on the face of the proceedings in that the decree complained of erroneously (1) reduced the widow's allowance from $4800 as fixed by the appraisers to $3,000; (2) included in the adjusted gross estate of the decedent life insurance payable to the widow in the sum of $22,105.12; (3) allowed an attorney's fee in the sum of $1500 to the attorney for the beneficiaries of the residuary trust, and (4) required of Mrs. Beatrice Angela Beckett as trustee a bond in the sum of $15,000. We are unable to agree that the decree complained of is erroneous in any of the aforesaid particulars as appellant contends. The fixation of the amount of the widow's allowance as made by the appraisers was not final, but was subject to the approval or disapproval of the chancellor. This has been definitely settled by the prior decisions of this Court. In the case of Prentiss v. Turner, 170 Miss. 496, 155 So. 214, the Court said:

"The action of the appraisers is not final; it is only advisory to the chancellor and is subject to his approval or disapproval. Gilmer v. Gilmer, 151 Miss. 23, 117 So. 371. The authority in the appraisers to set aside the year's support does not deprive the chancellor of the

authority. He may, as he did in this case, entirely disregard the action of the appraisers.''

The court further referred to Section 159 of the Constitution which confers on the chancery court full jurisdiction of matters testamentary and of administration and said that the making of the year's allowance is part of the jurisdiction of the court, and that such jurisdiction could not be taken away nor impaired by the legislature. We think, therefore, that in fixing the amount of the widow's allowance at $3,000, the court was acting within its jurisdiction and authority.

█ █ It is further complained that in the decree there was included in the adjusted gross estate of the decedent life insurance payable to the widow in the sum of $22,-105.12. We find no error in this provision of the decree. It will be noted that the decedent in devising and bequeathing to his wife property in an amount equivalent to one-half of the value of his estate expressly provided that such value should be determined as the gross estate of a decedent is determined for Federal Estate Tax purposes. Under Title 26, U. S. C. A., Section 2042, provision is made for the inclusion in the gross estate of a decedent of life insurance payable to a designated beneficiary, and we are unable to say that the chancellor was in error in holding under the provisions of the Federal statute that the insurance payable to his widow was to be included in ascertaining the value of his gross estate.

█ █ It is further complained that the decree on its face is erroneous in that the chancellor erroneously allowed to the attorney for beneficiaries of the residuary trust an attorney's fee in the sum of $1500. The chancellor found, according to the recitation of the decree, that the services were rendered in the administration of the estate, and fixed the amount of $1500 as a reasonable fee for such services. █ █ We think that under Section 159 of the Constitution of Mississippi, which confers on the chancery court full jurisdiction ''of matters tes-

tamentary and of administration,'' the chancellor was vested with full authority to make this allowance. At any rate, we are of the opinion that if such was error, it was an error to be availed of by appeal and not by a bill of review.

■■■ It is further argued by the appellant that error appears on the face of the proceedings in that the decree complained of required of Mrs. Beatrice Angela Beckett as trustee a bond in the sum of $15,000. Under the terms of the will, Mrs. Beckett was relieved of entering into bond as executrix. There was no provision in the will with reference to any requirement of bond for the trustees. We think, however, that by virtue of the inherent chancery jurisdiction over trust estates, the chancellor was amply warranted in requiring a bond of the trustee. At any rate, it was a question addressed to the discretion of the court, and we find no abuse of the court's discretion. In 90 C. J. S., Trusts, Section 224, page 174, we find the following: ''A bond is not inherently essential to the existence of a trusteeship. Where the matter is not otherwise regulated, the question of whether a trustee should give bond is addressed to the discretion of the court, which may in a proper case omit the requirement, or, by virtue of its inherent chancery jurisdiction over trust estates, may require the execution of a bond for the faithful administration of the trusts.''

■■■ In addition to what has been said heretofore with reference to the claimed errors appearing on the face of the decree, we are clearly of the opinion that all of these matters complained of were matters previously considered and decided by the chancellor. If there was any error, then the error was the result of the exercise of the chancellor's legal judgment. It is well settled under our authorities that a bill of review does not lie to obtain reconsideration of matters previously considered and decided. In the case of Arndt, et al. v. Kuhn, et al., 227 Miss. 447, 86 So. 2d 323, the Court said: ''In

other words, appellants simply say that the chancellor was mistaken as to his legal judgment on the questions presented to him in the original case, and in their bill of review they ask us to hold that his legal judgment was wrong and to reverse the judgment. It is not asserted in the bill of review that there was any fraud, newly discovered evidence, or mistake in the original proceedings other than a mere wrongful legal conclusion by the chancellor on the issues presented to him. A bill of review does not lie to obtain reconsideration of matters previously considered and decided.''

We have accordingly reached the conclusion that if the decree contains error as complained of by appellant,the error was one resulting from the chancellor's exercise of his legal judgment, and, therefore, was one to be availed of by appeal and not by bill of review. We are, of the opinion, therefore, that the chancellor committed no error in sustaining the general demurrer to the appellant's bill and in dismissing the bill of review upon the appellant declining to plead further. The judgment of the court below is therefore affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Lee* and *Ethridge, JJ.,* concur.