RODGERS, Justice:
This case has evolved from a claim to a joint and survivor’s account in the Bank of Franklin at Meadville, Franklin County, Mississippi. The account was in the names of L. H. Emfinger, and Virginia Lois Em-finger, who is now Mrs. Brady J. Fondren. The claim arose under the following circumstances : On May 8, 1952, L. H. Em-finger, and Virginia Lois Emfinger, his daughter by a former marriage, signed a signature card establishing a joint and survivor’s account in the Bank of Franklin. Thereafter, on November 20, 1954, L. H. Emfinger remarried, and his daughter Virginia Lois married Brady J. Fondren and moved to Natchez, Mississippi. L. H. Em-finger was an automobile salesman, and often signed small notes as cosigner with others. On December 20, 1963, L. H. Em-finger and his wife, Elaine, borrowed $1,-322.40 from the Bank of Franklin and executed a mortgage on their home to secure the indebtedness. On January 12, 1964, L. H. Emfinger died. There was then on deposit in the joint checking account the sum of $3,490.14. After her father’s death, Virginia Lois Fondren signed two checks of $190 and $25 for certain funeral expenses, leaving a balance of $3,275.14 in the aforementioned joint account. The deceased also owed the Bank at the time of his death as cosigner on certain notes, $101.50; $102.50;. $25 and $775. These notes were all past due and unpaid. The total indebtedness due to the Bank by the deceased was $2,234.25-. The Bank paid the balance of $1,040.89 to. Virginia Lois Emfinger Fondren.
Mrs. Elaine Emfinger, the widow of L, H. Emfinger, was appointed administratrix of the estate, and promptly filed a petition in the estate proceedings to require the Bank of Franklin to pay the money on deposit in the account of L. H. Emfinger into the estate, or in the alternative, to require the-Bank to offset the sum due on the trust deed against the account of L. H. Emfinger. The Bank answered, admitting the joint account, and requested that the court enter a decree permitting the Bank of Franklin to offset the funeral indebtedness due by-L. H. Emfinger to the Bank against the-amount due to the deceased in the joint account. Mrs. Virginia Lois Emfinger Fondren filed an answer in which she denied the statute of limitations had run against her claim as having a joint interest-in the account. She denied that the Bank of Franklin was entitled to offset the indebtedness against the joint account. She- *306 made her answer a cross bill, in which she alleges that the Bank held security for the loan made on the home jointly owned by Mrs. Elaine Emfinger and L. H. Emfinger. She therefore claimed the full amount of the joint and survivor’s account. On June 4, 1964, after having heard the evidence, the chancellor entered a decree setting out the various transactions and permitted the Bank of Franklin to offset the notes of indebtedness due by L. H. Emfinger at the time of his death against the joint account here involved, and directed the Bank to pay any balance in the joint account to Virginia Lois Fondren. Mrs. Fondren gave notice of appeal, but the appeal was never perfected.
Thereafter, on July 6, 1965, Mrs. Fondren filed an original bill styled “Bill of Review” in the Chancery Court of Franklin County, Mississippi, in estate file No. 7746-A. The bill alleged that the court was correct in finding that the account involved was a joint account, with right of survivorship, but was in error in allowing the Bank of Franklin the right to offset the indebtedness owed to the Bank by a decedent. The complainant requested the court to examine the final decree, pleadings and proceedings upon which it was based for any material error on the face of the proceedings, and to reverse said decree, and order the Bank of Franklin to pay to the complainant the full amount of $2,234.25, with interest thereon at the legal rate. The bill is amended so as to request that the trust deed originally paid by the Bank out of the funds held by it on the joint account be called up and reinstated. The defendant, Mrs. Elaine Em-finger, was summoned by nonresident publication, but did not answer. The complainant then made a motion for a decree pro confesso against Mrs. Elaine Emfinger. The Bank filed a general and a special demurrer to the original bill.
The chancellor sustained the general demurrer and dismissed the original bill of review. We hold that the chancellor was correct in dismissing the bill.
The appellant has cited many cases from this Court holding that where a joint tenancy account in a bank is made payable to either depositor, or survivor, the account passes to the survivor upon the death of the joint tenant. Edwards, Adm’r Estate of Edwards, Deceased v. Jefcoat, 230 Miss. 56, 92 So.2d 342 (1957); In re Ware’s Estate, 218 Miss. 694, 67 So.2d 704 (1953); Shearin v. Coleman, 201 Miss. 193, 28 So.2d 841 (1947) ; In re Lewis’ Estate, 194 Miss. 480, 13 So.2d 20 (1943); Stephens v. Stephens, 193 Miss. 98, 8 So.2d 462 (1942). See also Miss. Code Ann. § 5205 (1956). We are of the opinion, however, that these cases are not applicable as authority in the case now before the court It is not necessary to decide the issue as to whether or not a bank may offset a debt due it by a decedent against a deposit in a joint or survivor account, because that issue was submitted to the chancery court, and was decided by the court in July 1965. No appeal was taken by the appellant to the Supreme Court within the time allowed by law. (Miss. Code Ann. § 753, 1956).
The right to reexamine or reopen a cause of action by a bill of review in equity is not an elective remedy and is to be used only where manifest injustice will result from the former decree of the chancery court, through no fault or neglect on the part of the petitioner. 77 C.J.S. Review § 4 (1952).
Bills of review are not favored in equity courts, and they do not lie to obtain a reconsideration of matters previously considered and determined. Errors alleged to have resulted from the exercise of the chancellor’s legal judgment may be availed of by appeal and not by a bill of review. Beckett v. Howorth, 237 Miss. 394, 115 So. 2d 48 (1959); Taylor v. Grissom, 231 Miss. 451, 95 So.2d 540 (1957); Dollar v. Bd. of Education, Simpson County, 227 Miss. 432, 86 So.2d 489 (1956); Arndt v. Kuhn, 227 Miss. 447, 86 So.2d 323 (1956).
*307 Moreover, chancery court procedure in this State requires that a bill of review be filed and docketed as an original, independent cause of action. Griffith, Miss. Chancery Practice, 2d Ed. § 635 (1950). In the instant case, the filing of the bill of review in the estate proceedings of Mrs. Elaine Emfinger, Administratrix of the Estate of L. H. Emfinger, Deceased, amounted to no more than a motion to correct a decree after the time for an appeal had lapsed. We are of the opinion that the chancellor was correct in sustaining the demurrer for the reason the bill did not allege a cause of action against the defendant.
Affirmed.
ETHRIDGE, C. J., and JONES, BRADY and ROBERTSON, JJ., concur.