KING, P.J.,
for the court.
¶ 1. The Scott County Chancery Court approved a petition to settle a doubtful claim belonging to the Estate of Daisey Pearl Saveli, but approved attorney’s fees of only 33 1/3%, for Dunbar-Monroe. Dunbar has appealed that decision, alleging that because it was employed under a durable power of attorney, the chancellor lacked authority to award attorney’s fees in an amount less than that identified by the employment contract. The decision of the chancery court is affirmed.
FACTS AND PROCEDURAL HISTORY
¶ 2. On May 12, 1997, Daisy Pearl Sa-veli executed a durable power of attorney appointing her two daughters, Shirley Renfroe and Marguerite Jordan, as her attorneys-in-fact. Under the terms of the durable power of attorney, Renfroe and Jordan were granted the authority “to do, act, perform or execute any and all instruments of any type or nature that [Savelle] could do if [she] were personally present.” In addition, the instrument stated, “this power of attorney shall not be affected by the subsequent disability or incapacity of the principal, or lapse of time.” The validity of the power of attorney is not in dispute.
*380 ¶3. On August 7, 1998, Renfroe and Jordan, acting as attorneys-in-fact for Sa-veli, entered into a retainer agreement and contract of employment with the law firm of Holcomb, Dunbar, Connell, Chaffin and Willard, P.A., specifically retaining David C. Dunbar to pursue a personal injury claim against Shady Lawn Nursing Home on Saveli’s behalf. The employment contract provided that if suit were filed, the attorney’s fees would be forty percent of gross proceeds after the deduction of the law firm’s expenses incurred in prosecuting the claim. Dunbar subsequently left the Holcomb, Dunbar law firm and formed Dunbar Monroe, PLLC. On April 15, 2001, Renfroe and Jordan, acting as attorneys-in-fact for Saveli, executed a second retainer agreement and contract of employment with DunbarMonroe, PLLC, retaining Dunbar and authorizing him to continue with the prosecution of the personal injury claim. The attorney’s fees provision of the subsequent contract is identical to that of the former contract.
¶ 4. Dunbar continued to pursue the personal injury claim on Saveli’s behalf and eventually received an offer to settle the claim. Upon being presented with the settlement offer, Renfroe and Jordan determined that the offer should be accepted. After the power of attorney was executed, but prior to extension of the settlement offer, Saveli’s mental facilities diminished rendering her incompetent to administer her affairs.
¶ 5. On May 22, 2001, Dunbar, acting on behalf of Shirley Renfroe, individually and as conservatrix of the Estate of Daisey Pearl Saveli, and the DunbarMonroe Law Firm, filed a petition in the Scott County Chancery Court (1) for authority to settle a doubtful claim on behalf of the estate, (2) requesting the approval of the employment contract with Dunbar, and (3) for authority to disburse the settlement proceeds.
¶ 6. On May 25, 2001, the court heard the petition for authority to settle a doubtful claim. After the hearing the chancellor approved settlement of the claim, but declined to approve the employment contract of DunbarMonroe as submitted. The employment contract of DunbarMonroe called for attorney’s fees of 40% plus costs. However, the chancellor approved a fee of 33 1/3% plus costs.
¶ 7. On July 28, 2001, DunbarMonroe filed a petition requesting that the chancellor reconsider his prior order awarding attorney’s fees of 33 1/3%, and instead grant attorney’s fees of 40% as set forth in the contract. The chancellor denied that request on July 18,2001, saying:
While Mr. Dunbar request that the Court honor his original contract with the daughters of the ward, he failed and neglected to have that contract approved by the Court as required by Uniform Chancery Court Rules. Therefore, the contract is not binding on the Court. Instead, the Court has elected to adopt and approve its own contingent fee contract which has been utilized for several years in the Second Chancery Court District.
The Verified Petition for Reconsideration of Attorney’s Fees Arising from Settlement of a Doubtful Claim should be denied.
¶ 8. Aggrieved by that denial, Dunbar-Monroe has appealed, asserting that under the Durable Power of Attorney Act, the chancellor was obligated to approve the employment contract as written.
¶ 9. On December 4, 2002, this Court, on its own motion, remanded this matter to the Chancery Court of Scott County and directed it “to conduct a hearing and to make specific findings of fact and conclusions of law concerning the appropriate amount of attorney’s fees in this case. *381 Upon review of the issue of attorney’s fees, the chancellor shall provide a foundation for any award or denial of attorney’s fees and certify his findings to this Court.”
¶ 10. The parties declined to place additional evidence before the chancellor, electing instead to stand on the record as it existed.
¶ 11. The chancellor has now made his findings of fact and conclusions of law as requested, and certified the same to this Court.
STANDARD OF REVIEW
¶ 12. Findings of fact made by a chancellor will not be disturbed by this Court unless they are manifestly wrong, clearly erroneous, or unsupported by substantial credible evidence. Mississippi State Dept. of Human Serv. v. Barnett, 638 So.2d 430, 434 (Miss.1993). When the determination of the chancellor was one of law rather than fact, this Court will conduct a de novo review. McCubbin v. Seay, 749 So.2d 1127(¶ 5) (Miss.Ct.App.1999).
DISCUSSION
¶ 13. DunbarMonroe asserts that it was employed under a durable power of attorney with agreed compensation of 40% of recovery, and the chancellor therefore lacked the authority to lower the agreed upon compensation. Dunbar would thus have this Court find reversible error in the award of attorney’s fees of 33 1/3% rather than 40% as stated in the contract of employment.
¶ 14. In 1994 the Mississippi Legislature added § § 87-3-101 through 87-3-113, to the Miss.Code of 1972. These sections are cited as the “Uniform Durable Power of Attorney Act.”
¶ 15. A durable power of attorney is by definition one which survives the incapacity of its maker.[1]
¶ 16. Under the provisions of Miss. Code Ann. § 87-3-107, (Rev.1999):
All acts done by an attorney in fact pursuant to a durable power of attorney during any period of disability or incapacity of the principal have the same effect and inure to the benefit of and bind the principal and his successors in interest as if the principal were competent and not disable. Unless the instrument states a time of termination, the power is exercisable notwithstanding the lapse of time since the execution of the instrument.
¶ 17. Dunbar is clearly correct when it alleges that it was the intent of the Legislature in enacting the Durable Power of Attorney Act to bind a principal, even when incapacitated by the lawful acts of his attomey-in-fact. However, that analysis standing alone, under the facts of this case, is insufficient to resolve the question before this Court.
¶ 18. While not mandated by law to do so, all of the parties to the contract chose to voluntarily submit to the chancellor for approval (1) the settlement of the claim, and (2) the disbursement of funds paid in settlement of this claim. By voluntarily *382 submitting this matter to the chancellor for approval, the parties did so for all purposes. Humble Oil & Refining Co. v. Rankin, 207 Miss. 402, 408, 42 So.2d 414, 417 (1949).
¶ 19. Included within the power to approve is of necessity included the power to disapprove. Beckett v. Howorth, 237 Miss. 394, 397, 398, 115 So.2d 48, 50 (1959).
¶ 20. In this case the chancellor chose to disapprove, rather than approve. Where the parties have voluntarily submitted to the chancellor a matter for his resolution, he has the authority to address all matters touching upon the resolution of that issue, Johnson v. Hinds County, 524 So.2d 947, 953 (Miss.1988), absent a patent lack of jurisdiction. The matters submitted to the chancellor were beyond discussion within the realm of his jurisdiction art. 6 § 159, Miss. Constitution.
¶ 21. Having determined this matter to be within the jurisdiction of the chancery court, and found that the parties voluntarily submitted this issue to the chancellor for resolution, this Court must determine whether his decision was an abuse of discretion. McNeil v. Hester, 753 So.2d 1057, 1063(¶ 21) (Miss.2000). Where the chancellor’s decision is not manifestly wrong, clearly erroneous or unsupported by substantial credible evidence it is not an abuse of discretion, and this Court is therefore obligated to affirm it. Collins by Smith v. McMurry, 539 So.2d 127, 129-30 (Miss.1989).
¶ 22. At this Court’s request, the chancellor provided extensive written findings as to the reasons for awarding attorney’s fees of only 33 1/3% rather than 40%. Having reviewed carefully that submission, this Court finds that the chancellor’s actions were supported by substantial credible evidence, and we accordingly affirm.
¶ 23. THE JUDGMENT OF THE CHANCERY COURT OF SCOTT COUNTY IS AFFIRMED. ALL COSTS ARE ASSESSED TO THE APPELLANTS.
THOMAS, BRIDGES, LEE, AND MYERS, JJ., CONCUR. LEE, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY KING, P.J., THOMAS, AND MYERS, JJ. SOUTHWICK, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MCMILLIN, C.J., IRVING, AND CHANDLER, JJ. GRIFFIS, J., NOT PARTICIPATING.

. Miss.Code Ann. § 87-3-105 (Rev.1999) provides: "A durable power of attorney is a power of attorney by which a principal designates another his attorney in fact in writing and the writing contains the words 'This power of attorney shall not be affected by subsequent disability or incapacity of the principal, or lapse of time,’ or 'This power of attorney shall become effective upon the disability or incapacity of the principal,’ or similar words showing the intent of the principal that the authority conferred shall be exercisable notwithstanding the principal's subsequent disability or incapacity, and, unless it states a time of termination, notwithstanding the lapse of time since the execution of the instrument.”