YATES' ESTATE *v.* ALABAMA-MISSISSIPPI CONFERENCE ASS'N OF SEVENTH-DAY ADVENTISTS, INC.

(Division A. Oct. 25, 1937.)

[176 So. 534. No. 32844.]

W. F. Tucker, of Woodville, for appellant.

644

Bramlette & Bramlette, of Woodville, for appellee.

Argued orally by **W. F. Tucker**, for appellant, and by **David C. Bramlette**, for appellee.

**McGehee, J.**, delivered the opinion of the court.

This appeal is by the administrator of the estate of Mrs. Annie E. Yates, deceased, from a decree of the chancery court of Wilkinson county allowing a probated claim against the estate in favor of the Alabama-Mississippi Conference Association of the Seventh-Day Adventists, Inc., with headquarters at Meridian, Miss. The claim is for a sum of money left by Mrs. Yates with Miss Dannie C. Miller, assistant cashier of the Commercial

Bank, at Woodville, Miss., on May 22, 1936, to be sent by Miss Miller to the said Alabama-Mississippi Conference Association of Seventh-Day Adventists, Inc., as a gift from Mrs. Yates in the event of her death. A duplicate deposit slip was issued to Mrs. Yates by the said assistant cashier at the time the money was left with her at the bank, showing that this money was deposited to the credit of Mrs. Yates, where it remained on deposit until after her death on June 27, 1936, and was later paid to the administrator, who had found the deposit slip in the purse of the deceased after her death.

Shortly after leaving the money at the bank, Mrs. Yates sent an unsigned communication to Miss Miller, but admittedly in her own writing, to the following effect: "Miss Miller no one knows I left the money with you. If anything happens to me please do this favor for me. Send it to the Seventh-Day Conference, at Meridian, Mississippi. Take a dollar for your trouble. Let no one know. Send it in your name. You just write a few lines and tell I left it for them. I don't want it in the will. Wish you would go to Centerville and mail it there. I would be glad, so no one here would know. If I die, do this for me, please."

There is no question as to what Mrs. Yates intended should be done. But the question is: Did she accomplish under the law what she intended? It does not appear that during the life of the donor Miss Miller sustained any relation whatever to the donee, such as solicitor of funds, agent, or employee, so as to render the delivery of the money to her a delivery to such donee, although she may have become a trustee of the money, at the death of Mrs. Yates, for the use and benefit of such donee, if the same had remained in her possession or under her control until the death of the donor. But the fact is that upon the delivery of the money to her, Miss Miller placed it to the credit of Mrs. Yates at the bank, where it could have been withdrawn at any time

by the depositor at pleasure, without liability on the part of the bank to the donee. In other words, there was no delivery of the purported gift during the lifetime of the donor; and one of the essentials of a valid gift causa mortis, as well as a gift inter vivos, is that the property must be delivered in such manner that the donor retains no control or dominion over it. Johnson v. Grice, 140 Miss. 562, 160 So. 271; Pace v. Pace, 107 Miss. 292, 65 So. 273; Meyer v. Meyer, 106 Miss. 638, 64 So. 420; Mc-Willie v. Van Vacter, 35 Miss. 428, 72 Am. Dec. 127.

In the Pace Case, supra, the court held that the delivery of the donor's bank book was not sufficient to sustain a gift causa mortis of his credit with the bank, by which it is meant to say that the question of intention is not always controlling.

Section 94, Corpus Juris, pp. 685, 686, reads as follows: "While gifts causa mortis are in the nature of testamentary dispositions and have several characteristics in common with legacies, they differ from the latter in in many important respects. A gift causa mortis resembles a legacy in that it is made in contemplation of death, is ambulatory, incomplete, and revocable at the option of the donor at any time during his life. On the other hand it differs from a legacy in several important particulars. Possession must be delivered to the donee and retained by him during the life of the donor, whereas in case of a legacy the possession remains with the testator until his decease; the claim need not be proved in a court of probate; the title of the donee becomes by relation complete and absolute from the time of delivery; no consent or other act on the part of the personal representative is necessary to perfect the title of the donee. It is a claim against the personal representative; a legacy is a claim from and through him. Although the donor has made a will disposing of all his personal property, a donation of this sort is good."

Furthermore, it is agreed in the record in this case

that Mrs. Yates left a last will and testament, executed subsequent to leaving this money at the bank, to wit, on June 24, 1936, and duly admitted to probate, whereby she disposed of all of her estate, both real and personal, without making any reference to the purported gift, that is to say, the money in question had not been delivered to the donee, Alabama-Mississippi Conference Association of Seventh-Day Adventists, Inc., or to any agent thereof, and was to the credit of the donor under the relationship of debtor and creditor at the time of her death.

And the record is silent as to whether or not the money purporting to have been given to the said Alabama-Mississippi Conference Association of the Seventh-Day Adventists, Inc., may be needed for paying the debts, if any, owing by the estate. If the fund in question should be needed for such purpose, a gift causa mortis, otherwise valid, could not be effective, and the administrator in such case could not be required to pay the probated claim. Johnson v. Grice, 140 Miss. 562, 106 So. 271; 28 C. J., p. 699, section 125; and also 12 R. C. L., p. 968, section 40.

Other questions are briefed and argued on this appeal, but, because of the views herein expressed, it is sufficient to say that the probated claim should have been disallowed.

Reversed, and decree here for appellant.