214 So.2d 681 (1968)
Mrs. Dorothy GILDER
v.
FIRST NATIONAL BANK OF GREENVILLE et al.
No. 44994.
Supreme Court of Mississippi.
October 14, 1968.
*682 Robertshaw, Merideth & Swank, Greenville, for appellant.
Lake, Tindall, McGee & Hunger, Greenville, for appellees.
RODGERS, Justice.
This appeal came to this Court from the Chancery Court of Washington County, Mississippi. The appellees contend that a check was given to the appellant before the death of the maker and was cashed after her death, and therefore was void. The appellant contends by affirmative plea that the check given to appellant was for additional services rendered.
These are the facts. Miss Cecilia Rosenfeld, an elderly single woman, died testate on December 9, 1966 at 10:00 a.m. Approximately thirty minutes after her death the appellant and Mary Young appeared at The First National Bank in Greenville, Mississippi, where they presented to the bank for payment two checks signed by Miss Rosenfeld. These checks were dated November 26, 1966. One was made payable to appellant in the sum of $5,000 and the other was made payable to Mary Young in the sum of $3,000. These two checks were brought to the attention of the president of the bank, Mr. Wade R. Hollowell, and he immediately contacted the appellant with reference to the transaction. The appellant presented a written memorandum, which had been signed by the deceased but had been written by the appellant. This memorandum is in the following words and figures:
November 22, 1966
To whom it may concern 
In addition to what I have left in my will and in addition to what I will give after this date, I hereby leave two signed checks, one to my devoted secretary, Mrs. Dorothy Gilder, in the amount of $5,000.00 and one to my faithful servant, Mary Young in the amount of $3,000.00. In event of my death, I have instructed them to deposit these checks immediately in The First National Bank to be used as they see fit. Also I leave a check made out to Teresa Cecilia Gilder, my namesake in the amount of $800.00 to be used to buy a piano for her.
/s/ Cecilia Rosenfeld
When the executors of the will of Cecilia Rosenfeld learned of the transaction, they filed suit against Mary Young and the appellant, in one cause of action, to recover the proceeds of the two checks. The Chancellor permitted a severance in order that one defendant would not be precluded from testifying in behalf of the other.
After having heard the testimony, the Chancellor entered a decree in favor of the executors, requiring the appellant to return the money she had obtained by cashing the check.
We have examined the record in this case and have reached the conclusion that the Chancellor was correct in his ruling, for the following reason.
A short time after the death of Cecilia Rosenfeld's brother, the appellant, Mrs. Dorothy Gilder, who had been his secretary, moved her office into the home of Miss Cecilia Rosenfeld. She continued to act as the secretary of Miss Rosenfeld from 1956 until her death in 1966. It was apparent that a close personal friendship developed between Miss Rosenfeld and Mrs. Gilder. Mrs. Gilder named her daughter for Miss Rosenfeld. Miss Rosenfeld purchased an automobile for Mrs. Gilder. She paid the last payment on Mrs. Gilder's home, named her as a legatee in her will, and later raised the amount of the legacy from $2,000 to $10,000.
The record shows that Mrs. Gilder kept Miss Rosenfeld's books, attended to her business affairs, wrote her checks, and took her to the bank and other places it was necessary for Miss Rosenfeld to go.
The testimony shows that on November 22, 1966, Cecilia Rosenfeld called Mary *683 Young from the kitchen and signed three checks in her presence and in the presence of Mrs. Gilder. She then dictated the document above described and signed it. She told them she wanted the transaction handled as outlined in the signed document.
The three checks were made payable to Mrs. Gilder, to Mrs. Gilder's daughter, and to Mary Young. All three checks were tuned over to Mrs. Gilder. The appellant kept the checks in her purse until after the death of Miss Rosenfeld, and then deposited her check for payment.
The conflicting testimony as to the physical condition of Miss Rosenfeld at about the time the checks were written was submitted to the Chancellor, but the Chancellor did not find that she was mentally deficient.
The Chancellor pointed out in his opinion that the appellant was entitled to the proceeds of the check from Miss Rosenfeld only if the written documents and checks could be interpreted to be (1) a valid testamentary devise, (2) a valid gift causa mortis, (3) a valid gift inter vivos, or (4) extra compensation for services rendered.
It can be seen readily that the document was testamentary in character but was not valid for several reasons, principally because it does not comply with the statutory requirements for a will. It was not "wholly written" by Miss Rosenfeld, nor was it attested by "two or more credible witnesses." Miss.Code 1942 Ann. § 657 (1956); Kelker v. Jordan, 228 Miss. 847, 89 So.2d 858 (1956).
The check and written document given to appellant were not effective as gifts inter vivos or gifts cause mortis. In order to perfect such a gift the property proposed to be transferred by gift must have been delivered so that the donor surrendered all dominion over it during her lifetime; or the gift must have been made in contemplation of death in case of a gift causa mortis. The facts show that the appellant did not come into possession of the money until after the death of Miss Rosenfeld, nor were the checks given in contemplation of death. Gidden v. Gidden, 176 Miss. 98, 167 So. 785 (1936); Johnson v. Grice, 140 Miss. 562, 106 So. 271 (1925); Pace v. Pace, 107 Miss. 292, 65 So. 273 (1914); Meyer v. Meyer, 106 Miss. 638, 64 So. 420 (1914). This is especially true as to checks. 24 Am.Jur. Gifts § 95 (1939); 38 C.J.S. Gifts § 55 (1943); 38 C.J.S. Gifts §§ 82, 102 (1943). Moreover, the rule established in this state is that a gift of money by a check which is not cashed until after the death of the maker is revoked by the death of the maker of the check. Smythe v. Sanders, 136 Miss. 382, 101 So. 435 (1924); Yates' Estate v. Alabama-Mississippi Conference Ass'n of Seventh-Day Adventists, Inc., 179 Miss. 642, 176 So. 534 (1937).
The issue is whether or not the check was given to the appellant as extra compensation for services rendered to Miss Rosenfeld during her lifetime, and this issue of fact was affirmatively pled by the appellant. The burden was upon the appellant to establish this affirmative defense. The Chancellor was of the opinion that the facts did not justify finding that the check was given as extra compensation, and we are of the opinion that the Chancellor was correct in this ruling. The check given to appellant for her daughter, Teresa Cecilia Gilder, at the same time appellant received a check made out to her, indicates the entire transaction was intended to be gifts to the payees of the checks.
The appellant argues that the check to appellant "is deemed prima facie to have been issued for a valuable consideration." Law of April 7, 1916, ch. 244, art. II, § 24 (1916), Laws of Mississippi, p. 360 (repealed 1968). We are of the opinion, however, that such a presumption cannot be relied upon to overcome the statutory requirement essential to the transferral of property by will (Mississippi Code 1942 Annotated § 657 (1956)), nor the legal requirement that property transferred by gift be removed from the possession and control of the *684 donor during her lifetime. Moreover, the facts are ample to overcome such a presumption in the instant case.
We do not reach the question as to whether or not the Chancellor erred in refusing to permit the appellant to testify as to what occurred after the death of Miss Rosenfeld, and such testimony was not material on the issue as to what occurred prior to the death of Miss Rosenfeld.
The judgment of the trial court, therefore, must be affirmed.
Affirmed.
GILLESPIE, P.J., and JONES, BRADY and SMITH, JJ., concur.