GILLESPIE, Presiding Justice:
Albert S. Mason owned a dairy farm in Newton County, Mississippi, where he lived with his wife, Mrs. Lou N. Mason. The Masons executed a deed to Jack Weaver *592 and his wife, Eleanor Grace Weaver, and also executed a bill of sale to certain cattle and farming equipment. Mr. and Mrs. Weaver executed notes payable to Albert S. Mason and Mrs. Lou N. Mason for $28,000 as a part of the purchase price of the farm. A few weeks later Jack Weaver was shot by Albert S. Mason who then turned the gun on himself, and committed suicide. Weaver died some weeks thereafter. The administratrix of Weaver’s estate sued the administrator of Mason’s estate for the wrongful death of Weaver. In that action the attorneys for both parties agreed that the defendant would not defend the action if the plaintiff would inform the jury that $25,000 would be the amount of the verdict. This agreement was presented to the jury which rendered a $25,000 verdict.
Several years prior to the shooting of Weaver by Mason, Albert S. Mason used his own funds to establish four joint bank accounts totaling about $40,000 in the name of Albert S. Mason or Mrs. Lou N. Mason with the right of survivorship.
The estate of Mason, being insolvent, is unable to pay in full the $25,000 judgment arising out of the wrongful death suit unless the bank accounts in the names of Albert S. Mason or Mrs. Lou N. Mason are a part of Mason’s estate. It is conceded that half of the proceeds of the $28,000 notes executed by the Weavers belong to Mason’s estate.
The principal questions presented by this appeal are (1) whether the joint bank accounts in the name of Mason or his wife which were created by Mason with his funds prior to the shooting of Weaver are the sole property of his surviving wife or whether the bank accounts are subject to the satisfaction of the judgment for the wrongful death of Weaver, and (2) was the administratrix of the estate of Weaver entitled to set off the wrongful death judgment against the notes executed by Weaver and his wife to Mason and his wife.
The chancellor held that the judgment creditor had no rights in the bank accounts as against the surviving joint tenant who became the absolute owner of the accounts upon the death of Mason. He further held that the wrongful death judgment could not be set off against the notes executed by the Weavers. We are of the opinion the chancellor was correct in both instances and affirm the decree.
JOINT BANK ACCOUNTS
The joint bank accounts were established in the name of Mason and his wife at different times several years before the above events transpired. The down payment on the dairy farm was deposited in one of the accounts. There is no indication that the bank accounts were established in contemplation of the double killing. It was not shown that Mason owed any debts at the time the bank accounts were created.
The appellants contend that the joint bank accounts were gifts of monies by Mason to his wife and that the gift passed to Mrs. Mason subject to the rights of creditors and to hold otherwise would defraud the judgment creditor of Mr. Mason’s estate. Among other authorities, Mrs. Weaver and Mr. Weaver’s Estate rely on Johnson v. Grice, 140 Miss. 562, 106 So. 271 (1925), for the proposition that gifts inter vivos are invalid against the donor’s creditors where a deficiency of assets exists. Mrs. Mason and Mr. Mason’s Estate maintain that the funds placed in the joint bank accounts created joint tenancies in the funds, and constituted completed gifts inter vivos; thus, upon the death of Mason, his wife became absolute owner of the funds, and creditors whose claims arose after the establishment of the joint tenancy in the bank accounts have no claim against the funds therein.
In Stephens v. Stephens, 193 Miss. 98, 8 So.2d 462 (1942), it was announced that a joint bank account created a joint tenancy with the right of survivorship and *593 constituted an effectual consummation of a gift with the hank as the performance agent of the donor and donee. In re Lewis’ Estate, 194 Miss. 480, 13 So.2d 20 (1943), held that the establishment of the joint hank account created a joint ownership in praesenti regardless of which of the named joint tenants had previously owned the funds. And in Myers v. Laird, 230 Miss. 675, 93 So.2d 828 (1957), this Court stated that upon the death of one of two joint owners of a bank account the proceeds became the property of the survivor, constituting no part of the estate of the deceased joint owner. Mrs. Weaver and the Estate of Mr. Weaver assert that the foregoing authorities are cases in which the rights of creditors were not involved. We are of the opinion, however, that subsequent creditors of the donor have no right to have their claims satisfied from such funds which become the absolute property of the survivor. This is the general law regarding joint tenancy. 20 Am. Jur., Co-Tenancy and Joint Ownership, § 3 (1965).
We are here concerned neither with a claim arising prior to the establishment of a joint tenancy nor where a creditor reduces his claim to judgment prior to the death of the joint tenant whose funds were used to create the bank account.
SET OFF
Mrs. Weaver and 'Mr. Weaver’s Estate contend that the $25,000 judgment in favor of the Weaver Estate in the wrongful death claim should be set off against the notes owed to the Mason Estate. In making this contention it is conceded that a tort claim, because it is unliquidated cannot be used as a set off against a contractual claim. But, it is contended, the judgment in the wrongful death suit is contractual in nature since the parties to the action agreed upon the amount of the judgment, and, therefore, the judgment constitutes a contract between the Mason Estate and the plaintiffs in the wrongful death suit.
The statute regarding set offs is Mississippi Code 1942 Annotated, Section 1483 (1956), which reads as follows:
Where there shall have been mutual dealings between two or more persons, and one or more of them shall die before an adjustment of such dealings the lawful demands of such parties against each other shall be a good payment, or set-off, to the amount thereof, notwithstanding the estate of one or more of such deceased persons shall be insolvent, and only the balance due shall be the debt.
We are of the opinion that the Weaver Estate is not entitled to have the judgment set off against the notes due the Mason Estate. The statute allows a set off when there has been mutual dealings between two or more persons and one party dies before an adjustment is made. The sale of the dairy farm on the one hand and the shooting of Weaver on the other do not constitute mutual dealings as contemplated by the statute. The right to set off a claim must be determined at the time of death; mutuality must then exist. When Weaver died his estate or heirs had an unliquidated tort claim against Mason’s Estate. The unliquidated tort claim could not lawfully be set off against the notes, and the fact that the judgment in the wrongful death suit was thereafter rendered by the jury under an agreement that defendant would not defend the suit if plaintiff would not ask for more than $25,000 does not change the nature of the claim. It was a judgment founded in tort. It was unliquidated at the time of the death of both Mason and Weaver and was not a matter that arose from their mutual dealings, as is required by statute. The application of the set off statute to claims arising from other than mutual dealings could produce inequitable preferences to certain creditors in the administration of estates.
We have considered the other contentions of Mrs. Weaver and Mr. Weaver’s *594 Estate and are of the opinion that these contentions are without merit.
We find no reversible error. The chancellor’s decree is affirmed.
Affirmed.
RODGERS, BRADY, INZER and ROBERTSON, JJ., concur.