240 So.2d 253 (1970)
Ruthie Lee GREER
v.
Mary W. HAMPTON, Administratrix of Estate of Maddie Laron, Deceased.
No. 45908.
Supreme Court of Mississippi.
October 19, 1970.
Rehearing Denied November 2, 1970.
*254 Sam P. Cooper, Jr., Picayune, Williams & Williams, Joe H. Montgomery, Poplarville, for appellant.
Stewart & Prichard, Picayune, for appellee.
JONES, Justice:
The controversy arose in Pearl River County. The issue is whether certain property owned by the decedent had been given to appellant and was her property and not that of the estate. The lower court held for appellee, and we affirm.
The appellant filed a sworn "accounting" in which she charged that Maddie Laron, the decedent, had given to appellant all her personal property except two bank accounts which appellant was instructed to give, after Maddie's death, to Viola Jenkins and Minnie Edwards, sisters of decedent. The appellant claimed she was also given all the United States savings bonds except one which bears the name, Mrs. Minnie Lee Edwards. The two bank books and one bond above mentioned were tendered into court as all the property in appellant's possession belonging to the estate.
Appellee responded with a sworn denial alleging appellant had in her possession belonging to the estate: (a) $7,000 cash, (b) certain jewelry, (c) dining table & chairs, (d) two bank savings books of First National Bank of Picayune other than the two above discussed, (e) seventeen $25 Series E United States savings bonds and one $100 Savings bond, all in name of decedent. Both instruments bore affidavits of the parties.
The chancellor held:
* * * that no proof was offered in the hearing to show that Ruth Greer ever came into possession of the alleged $7,000.00 cash, which was alleged to have been contained in a money belt worn by the deceased, and no proof was likewise shown that the said Ruth Greer ever came into possession of the jewelry * * * or the Dining table and two chairs; * * *
As to the bank accounts and bonds in the name of decedent, the chancellor held no valid gift was shown.
Here there is presented only the issue as to the bank accounts and United States bonds.
Appellant was called by appellee as an adverse witness, and appellee in her pleadings, failed to waive answer under oath. It is claimed these facts constituted a waiver of the incompetency of appellant to testify to establish her claim against the estate. We agree with this contention. Coney v. Coney, 249 Miss. 561, 163 So.2d 692 (1964); Manning v. Hammond, 234 Miss. 299, 106 So.2d 51 (1958); Stuckey v. Sallis, 221 Miss. 698, 74 So.2d 749 (1954).
However, there is no record for appellate review of what appellant would have testified. Manning v. Hammond, supra.
Furthermore in view of what we find to be the law and what is established *255 by the record beyond peradventure of doubt, we think this error as well as the error, if any, in not admitting testimony of Jewel Patterson, whose evidence that she saw Maddie when she (Maddie) had an envelope in her hand, contents unknown to the witness, and said she was carrying them to appellant, becomes harmless.
Just before the close of the trial, the parties stipulated:
Let the record reflect that the parties in this hearing, represented by their counsel, hereby stipulate that two savings account bank books issued by the First National Bank of Picayune, Mississippi, and seventeen $25.00 Series E savings bonds, and one $100.00 savings bond, all with the name of the deceased, Maddie Laron, on the fact [sic] thereof, are in existence and are now in the possession of the daughter-in-law of the deceased, Mrs. Ruth Greer, and that the ownership of those items is claimed by the said Ruth Greer as a gift, which is denied by the Administratrix of the estate.
It thus appears that appellant was in possession of the bank books and the bonds, which were still in the name of decedent. Because of this stipulation and other proof, it can be conceded that the instruments had been delivered to appellant, possibly two years before, but nothing else was done. Conceding, but not deciding there was an intent to make a gift, were the facts shown sufficient to establish a gift to the bank accounts?
There is required clear and convincing evidence to establish the gifts. As was said in Sunflower Farms, Inc. et al. v. McLean et al., 238 Miss. 168, 117 So.2d 808 (1960):
A gift inter vivos must be established by clear and convincing evidence. 38 C.J.S. Gifts Section 67, p. 869. See also § 67e, p. 888, thereof, where it is said:
"The courts view with suspicion claims of gifts inter vivos first asserted after the death of the alleged donor, and require clear and convincing evidence to sustain them, some courts saying that in such a case a mere preponderance will not suffice."
In Jones v. Jones, 162 Miss. 501, 139 So. 873, it was held that the defendant, who claimed the property in question as a gift from the plaintiff, had the burden of proving that affirmative defense. See also Stewart v. First National Bank & Trust Company of Vicksburg, 192 Miss. 355, 5 So.2d 683; Lindeman's Estate v. Herbert, 188 Miss. 842, 193 So. 790; Raley v. Shirley, 228 Miss. 631, 89 So.2d 636. (238 Miss. at 180, 117 So.2d at 813).
See also Stepson v. Brand, 213 Miss. 826, 58 So.2d 18; Tipton v. Saulsberry, 223 Miss. 763, 78 So.2d 893.
It is said in 38 Am.Jur.2d Gifts section 74 (1968):
Although a savings deposit passbook is delivered to the donee with statements indicating an intention to give the deposit represented, there is no valid gift inter vivos of the deposit if the donor retains control over the disposition of the deposit; there must be not only donative intent, but a complete stripping of the donor of all dominion or control over the money.
The chancellor held on the evidence that appellant had not met the burden as to the bank accounts or the bonds. We find that he was correct.
In Pace v. Pace, 107 Miss. 292, 65 So. 273 (1914), this Court held that it made no difference whether the gift was inter vivos or causa mortis, the result would be the same under the facts, and then the Court held:
It is claimed that the delivery of the bank book, evidencing the credit which the donor had in the bank of deposit and discount, sufficed to transfer this claim to appellant. The gift of such a bank *256 book is not a sufficient delivery to sustain a gift causa mortis. Jones v. Weakley, 99 Ala. 441, 12 So. 420, 19 L.R.A. 700, 42 Am.St.Rep. 84; 20 Cyc., p. 1205. In the case of Ashbrook v. Ryon's Adm'r, 2 Bush (Ky.), 228, 92 Am.Dec. 481, the court differentiates the effect of the delivery of notes and the delivery of bank books. * * *
* * * * * *
The manifest intention of Mrs. Peavey was to give H.P. Pace all she possessed at the time of her death; but mere intention to give is insufficient to perfect a gift causa mortis. There must be a legal delivery of the thing given, and the delivery of the bank book, with a statement that she wanted him to have all she had, was not a delivery of her claim against the bank. (107 Miss. at 299, 65 So. at 274).
The Pace case was cited with approval in Godwin v. Godwin, 141 Miss. 633, 107 So. 13 (1926) and Gidden v. Gidden, 176 Miss. 98, 167 So. 785 (1936). In Gidden, the attempted donor, with other property, owned 136 bales of cotton for which he held negotiable warehouse receipts.
There was involved the validity of the gift of the cotton by a written deed. The Court in considering whether the law of Tennessee or Mississippi applied stated this:
Under the decisions of the Supreme Court of Tennessee the delivery of a deed of gift causa mortis of personal property to the donee conveys a good title; the delivery of the deed is symbolic of the delivery of the property and is sufficient under the law. That is not the rule in this state. * * *
* * * * * *
Under the law of this state the attempted deed of gift is void because there was no delivery of the cotton. One of the essentials of a valid gift causa mortis, as well as inter vivos, is that the property must be delivered; the donor must surrender all dominion over it. Johnson v. Grice, 140 Miss. 562, 106 So. 271; Pace v. Pace, 107 Miss. 292, 65 So. 273; Meyer v. Meyer, 106 Miss. 638, 64 So. 420; Fairley v. Fairley, 34 Miss. 18; McWillie v. Van Vacter, 35 Miss. 428, 72 Am.Dec. 127. In the last case the court held that the delivery to the donee of a deed of gift did not complete the gift, but was a mere contract to give. Such a contract is unenforceable because there is no consideration. In the Pace Case the court held that the delivery of the donor's bank book was not sufficient to sustain a gift causa mortis of his credit with the bank. * * * (176 Miss. at 108-110, 167 So. at 789-790).
The negotiable warehouse receipts were not delivered but only a deed of gift was given.
In Yates' Estate v. Alabama-Mississippi Conference Ass'n of Seventh-Day Adventists, Inc., 179 Miss. 642, 176 So. 534 (1937) the decedent had delivered money to a friend to be sent to appellee in event of decedent's death. The friend deposited the money in the bank and issued a duplicate deposit to the donor. The Court said:
There is no question as to what Mrs. Yates intended should be done. But the question is: Did she accomplish under the law what she intended? It does not appear that during the life of the donor Miss Miller sustained any relation whatever to the donee, such as solicitor of funds, agent, or employee, so as to render the delivery of the money to her a delivery to such donee, although she may have become a trustee of the money, at the death of Mrs. Yates, for the use and benefit of such donee, if the same had remained in her possession or under her control until the death of the donor. But the fact is that upon the delivery of the money to her, Miss Miller placed it to the credit of Mrs. Yates at the bank, where it could have been withdrawn at any time by the depositor at pleasure, without liability on the part *257 of the bank to the donee. In other words, there was no delivery of the purported gift during the lifetime of the donor; and one of the essentials of a valid gift causa mortis, as well as a gift inter vivos, is that the property must be delivered in such manner that the donor retains no control or dominion over it. Johnson v. Grice, 140 Miss. 562, 160 So. 271; Pace v. Pace, 107 Miss. 292, 65 So. 273; Meyer v. Meyer, 106 Miss. 638, 64 So. 420; McWillie v. Van Vacter, 35 Miss. 428, 72 Am.Dec. 127.
In the Pace Case, supra, the court held that the delivery of the donor's bank book was not sufficient to sustain a gift causa mortis of his credit with the bank, by which it is meant to say that the question of intention is not always controlling. (179 Miss. at 648-649, 176 So. at 534-535).
The Pace case was also cited with approval in Re Lewis' Estate, 194 Miss. 480, 13 So.2d 20 (1943).
In Gilder v. First National Bank of Greenville, 214 So.2d 681 (Miss. 1968), checks were written as well as a note. The check was not cashed until afer the donor died. This Court said:
The check and written document given to appellant were not effective as gifts inter vivos or gifts causa mortis. In order to perfect such a gift the property proposed to be transferred by gift must have been delivered so that the donor surrendered all dominion over it during her lifetime; or the gift must have been made in contemplation of death in case of a gift cause mortis. The facts show that the appellant did not come into possession of the money until after the death of Miss Rosenfeld, nor were the checks given in contemplation of death. Gidden v. Gidden, 176 Miss. 98, 167 So. 785 (1936); Johnson v. Grice, 140 Miss. 562, 106 So. 271 (1925); Pace v. Pace, 107 Miss. 292, 65 So. 273 (1914); Meyer v. Meyer, 106 Miss. 638, 64 So. 420 (1914). This is especially true as to checks. 24 Am.Jur. Gifts § 95 (1939); 38 C.J.S. Gifts § 55 (1943); 38 C.J.S. Gifts §§ 82, 102 (1943). Moreover, the rule established in this state is that a gift of money by a check which is not cashed until after the death of the maker is revoked by the death of the maker of the check. Smythe v. Sanders, 136 Miss. 382, 101 So. 435 (1924); Yates' Estate v. Alabama-Mississippi Conference Ass'n of Seventh-Day Adventists, Inc., 179 Miss. 642, 176 So. 534 (1937). (214 So.2d at 683).
The bank books here involved were delivered long before Maddie Laron died and there was plenty of time for appelant and deceased to perfect the gift if it were intended to be a gift of the money. They did not.
As to the bonds, we repeat we are in accord with the lower court's finding that appellant did not meet the burden of proof resting upon her, either as to the bonds or the bank accounts.
Appellant admits there is a division among the courts as to whether United States savings bonds, Series E are subject to gift by delivery only. 161 A.L.R. 174. Our Court has not passed upon this question.
The decisions of this Court heretofore mentioned are persuasive that under our law delivery and intent alone is insufficient to constitute a gift such as this. The bonds, as shown by the stipulations, were payable to Maddie Laron. They were not payable to bearer. There were regulations of the United States as to their transfer. They should have been surrendered and reissued in the name of appellant in order to complete the gift. Although it is indicated appellant had the bonds in her possession for two years, no steps were *258 taken to effectuate the transfer and the gift, if intended, was not perfected.
The case is affirmed.
Affirmed.
GILLESPIE, P.J., and RODGERS, BRADY and INZER, JJ., concur.